Wyly, J.
One hundred and ninety-eight citizens of the parish of East Baton Rouge petitioned the police jury to establish a public road connecting the Jones Creek Road with the Clay Gut Road, extending across the land of the plaintiff, N. K. Knox; and on the fifth of August, 1873, the police jury passed the following ordinance :
“Be it resolved by the police jury in and for the parish of East Baton Rouge and State of Louisiana, That the right of way, as prayed for in the petition of one hundred and ninety-eight citizens, be and the same is hereby granted; provided, that the same shall not cause any expense to the parish ; and, provided, further, that said road shall not be opened to the public until after all the crops liable to damage therefrom shall have been harvested.
“Resolved, That the president appoint a committee of six freeholders to lay out said road.”
The president appointed a committee in accordance with the foregoing resolution.
The plaintiff alleges that said committee laid out said road across his land without notifying him of the time when they would make the location, and he fears they have made a report of their action to the police jury, recommending the adoption of said road; and he fears that said report will be adopted at the next meeting of the police jury. Wherefore, he appeals from the decision of said committee, and prays *205 for an injunction, which was granted, restraining the police jury from adopting said report and establishing said road for the following reasons:
First — Because his property can not be taken for a public road without adequate compensation for the damages incurred by him thereby ; and as the police jury expressly authorized the road with the understanding that it shall result in no expense to them, they do not contemplate paying-the damages that plaintiff may incur.
Second — The law requires the committee to be appointed by the police jury; whereas here it is appointed only by the president of the police jury.
Third — Plaintiff avers the members of the committee were not sworn as required by law before proceeding to lay off the road.
Fourth — Petitioner was not notified of the time and place of the meeting of said committee for the purpose of locating said road.
Petitioner further alleges that if said road is established as prayed for it will cause him damages in the sum of one thousand dollars, as he will be compelled to keep up two lines of fence, each about half a mile long, besides the cutting of his land in two parts, thus making its use and cultivation more difficult and expensive.
The answer admits that the road was laid out by the police jury, and avers that everything required by law was done. The defendant prays for the dissolution of the injunction and two hundred dollars damages. The court dissolved the injunction, with seventy-five dollars damages, and the plaintiff appealed.
The police jury has the right to lay out public roads, and under section 3368 of the Revised Statutes “ it shall be lawful for any individual, through whose land the police jury shall cause a public road to be laid out, to claim a, just compensation therefor.'’'’
Section 3369 provides that “all roads to be hereafter opened and made shall be laid out by a jury of freeholders, consisting of not less than six inhabitants of the parish where said road is to be made, to be appointed for that purpose by the police j ury; it shall be the duty of said jury of freeholders to trace and lay out such road to the greatest advantage of the inhabitants and as little as may be to the prejudice of inclosures, and assess such damages as any person may sustain. They shall take the following oath. * * * All damages assessed by the said jury to an individual, through whose land the road may run, shall be deemed a parish charge, and be paid by the treasurer of said parish.” * * *
Section 3370 provides that “ whenever any individual through whose land a road laid out as aforesaid shall pass may be dissatisfied with the decision of the freeholders laying out the same, either as to the *206 course the same is to take, or to the damages to him assessed, he may have an appeal to the district court for the parish in which said road lies, provided he prosecutes the same at the next session of said court after the laying out of the said road or the assessment of the damages and no appeal shall be set aside for the want of form in bringing the suit before the court. Injunction to stay proceedings may be issued in said case when the case requires the same.”
It is evident that the defendant, the police jury of the parish of East Baton Rouge, can not establish a public road on the land of the plaintiff without complying with the law conferring the power on said corporation to establish roads. It must appoint a jury of six freeholders, who shall take the oath provided by law, and who shall trace and lay out the road to the greatest advantage of the inhabitants and as little as may be to the prejudice of inclosures, and assess such damages as may be sustained by the person through whose land the road may run; and the person dissatisfied with the decision of the freeholders laying out the road, either as to the course the same is to take, or the damages to him assessed, may appeal to the district court of the parish in which the land lies.
As the police jury has laid out a public road on the land of the plaintiff without allowing the jury of freeholders to assess such damages as he may sustain thereby, it has acted in violation of the law, and the plaintiff has the right to appeal to the court for an injunction restraining the police jury from illegally divesting him of his property.
It is therefore ordered that the judgment herein be annulled, and it is decreed that the defendant be perpetually injoined from establishing a road on the land of the plaintiff, unless it does so according to the provisions of sections 3368 and 3369 of the Revised Statutes of 1870.
It is further ordered that the defendant pay costs of both courts.